THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| LAURA DERMER, | CASE NO. C23-0443-JCC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| SALTWORKS, INC., *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's motion to compel and for attorney fees (Dkt. No. 23). Having thoroughly considered the briefing and the relevant record, the Court GRANTS in part and DENIES in part the motion for the reasons explained herein.

In this employment discrimination case, Plaintiff asserts disparate treatment, sexual harassment, retaliation, and hostile work environment (amongst other claims). (*See generally* Dkt. No. 1.) Trial is scheduled for May 20, 2024. (Dkt. No. 15.) The discovery cut-off date is January 22, 2024. (*Id.*) Presently at issue is compliance with three subpoenas *duces tecum*. (*See generally* Dkt. No. 23.) In those subpoenas, Plaintiff seeks documents and electronically stored information ("ESI") regarding personal communications between Defendant Mark Zoske and certain non-parties. (*See* Dkt. No. 24-1 at 9, 12) (subpoenas at issue).

In May 2023, Defendants accepted service for the subpoenas (*See* Dkt. Nos. 24-2 at 2, 24-3 at 2, 5.) Yet by the time of Plaintiff's motion to compel, *more than six months later*,

ORDER
C23-0443-JCC
PAGE - 1

Defendants had not produced any documents or ESI, despite failing to lodge formal objections. (*See* Dkt. No. 24 at 1–3.) Defendants now contend they have "produced all responsive documents . . . with the exception of those from [one nonparty] which will be produced as soon as possible." (Dkt. No 25 at 7.)[1] In reply, though, Plaintiff points out that production is just a handful of documents—and no ESI. (Dkt. No. 27 at 2–3.)

Absent undue burden or cost, or claims of privilege or protection, a person served with a subpoena *duces tecum* for documents and ESI must produce them. Fed. R. Civ. P. 45(e). If the recipient fails to do so, or timely object, the serving party may seek an order compelling production and for contempt. Fed. R. Civ. P. 45(d)(2)(B)(i), (g). Here, though, the parties have not briefed a critical issue: By accepting service, are Defendants subject to penalties for a *nonparty's* failure to comply? (*See generally* Dkt. No. 23, 25, 27.)[2] In the Court's view, they are. Otherwise, it is not clear what purpose accepting service would actually serve.

Applying that principle, it is undisputed the production here is inadequate and untimely. (*See generally* Dkt. No. 25.) Nevertheless, the Court will not impose sanctions—yet—given the paucity of authority on the issue noted above, coupled with a lack of prior direction from this Court on the issue. *See F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (sanctions generally require the violation of a specific and definite order). Rather, the Court will afford Defendants a short grace period to coordinate complete production and, therefore, comply with the subpoenas for which they accepted service.

Accordingly, Defendants are ORDERED to complete production for the subpoenas at

---

[1] Defendants also take issue with Plaintiff's compliance with its discovery obligations. (*See* Dkt. No. 25 at 4–5.) But they seek no affirmative relief on the issue. (*Id.*)

[2] It seems there is no consistent authority on the issue. *See, e.g., Fafara v. McMahon*, 2005 WL 8170011, slip op. at 2 (N.D. Ind. 2005) (imposing sanctions for noncompliance with a third-party subpoena on a party who accepted); *but see, e.g., Hall v. Ins. Corp. of British Columbia*, 2023 WL 5043920, slip op. at 3 n.3 (M.D. Fla. 2023) (declining the imposition of sanctions based on the possible distinction between an agreement to "accept service" with one to "ensure compliance.").

ORDER
C23-0443-JCC
PAGE - 2

issue, **including ESI production**, no later than January 5, 2024. The failure to do so may result in sanctions.

DATED this 19th day of December 2023.

_John C. Coughenour_
John C. Coughenour
UNITED STATES DISTRICT JUDGE