THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAURA DERMER, | CASE NO. C23-0443-JCC |
| Plaintiff, | ORDER |
| v. | |
| SALTWORKS, INC., *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's motion to compel (Dkt. No. 30). Having thoroughly considered the briefing and the relevant record, the Court GRANTS the motion in part for the reasons explained herein.

In this employment discrimination case, Plaintiff asserts disparate treatment, sexual harassment, retaliation, and hostile work environment (amongst other claims). (*See generally* Dkt. No. 1.) Trial is scheduled for July 5, 2024. (*See* Dkt. No. 22.) The Court initially set the discovery cut-off for January 22, 2024, but extended it to April 18, 2024, based on the parties' stipulation. (*See* Dkt. No. 33.) Presently at issue is Defendants' response to certain requests for production ("RFP") and interrogatories. (*See generally* Dkt. No. 30.) Plaintiff contends the response, to date, is inadequate and untimely. (*Id.*) She asks the Court to compel Defendants to adequately supplement. (*Id.*) In addition, Plaintiff asks for attorney fees and sanctions, but she does not suggest what form the sanctions should take. (*Id.*)

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Following a meet and confer, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1); LCR 37(a)(1). If a party fails to comply with a discovery order, the district court may also sanction that party accordingly. Fed. R. Civ. P. 37(b)(2). The Court has broad discretion to decide whether to compel disclosure of discovery. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

Plaintiff contends Defendants have (1) provided inadequate production and incomplete responses to interrogatories and (2) missed agreed-to supplementation deadlines—repeatedly. (*See generally* Dkt. No. 30.) Upon review of Defendants' initial and supplemental responses, (Dkt. No. 31-3, 31-4, 37-1), the Court must agree.[1] And Defendants do not meaningfully challenge this assertion, other than in the instances discussed below. (*See generally* Dkt. No. 35.)

### RFPs 8 and 12

RFPs 8 and 12 seek certain personal communications between Defendant Mark Zoske and Saltworks employees. (*See* Dkt. No. 31-1 at 13, 15.) Defendants have excluded from this production communications between Mr. Zoske and two former employees: his now ex-wife, Naomi Novotny, and his now ex-girlfriend, Sarah Dean. (Dkt. No. 35 at 6–8.)

As for Ms. Novotny, Defendants argue the marital communication privilege applies, and that any communication following marriage would be irrelevant, as it occurred after termination of her Saltworks employment. (*Id.* at 6–7) (citing *U.S. v. Montgomery*, 384 F.3d 1050, 1056 (9th Cir. 2004)). The Court agrees. The party seeking to pierce the marital communication privilege bears the burden of establishing that such communications were not intended to be confidential. *See, e.g.*, *Perez v. Sauson*, 2016 WL 10587197, slip op. at 2 (E.D. Wash. 2016). Plaintiff has not

---

[1] The parties' formal and informal written communications strongly support this conclusion. (*See* Dkt. Nos. 31-5, 31-6, 31-8, 31-9, 31-10, 31-11, 31-12, 31-13, 31-14, 31-15, 31-16, 31-17, 31-18, 31-19.) This is further supported by Defendants' admission that timely production of certain records did not occur "due to an internal miscommunication." (*Id.* at 9.)

1   made this showing. Nor has she demonstrated the relevance of Mr. Zoske's communications
2   with his ex-wife *following* her Saltworks employment.
3         As for Ms. Dean, she and Defendants contend the relationship was consensual, making
4   any communications between the two irrelevant to Plaintiff's claims. (*See* Dkt. No. 35 at 7–8)
5   (citing Dkt. No. 36 at 1–3). Here, the Court must disagree. By Defendants' admission, Ms. Dean
6   engaged in a romantic relationship with Mr. Zoske while employed at Saltworks. (*Id.*) This is
7   relevant to the allegations in the complaint, namely that Mr. Zoske pressured Plaintiff into
8   engaging in a similar relationship. (*See generally* Dkt. No. 1.) Moreover, Ms. Dean is alleged to
9   have contributed to the hostile work environment orchestrated by Mr. Zoske, once Plaintiff
10  rebuffed his advances. (*See id.* at 15–16.) Therefore, their communications are, indeed, highly
11  relevant to Plaintiff's claims.

12                                  RFP 10

13        RFP 10 seeks Mr. Zoske's financial records from April 1, 2019 through April 1, 2023.
14  (Dkt. No. 31-1 at 14.) Defendants contend this RFP is unduly burdensome; overly broad; not
15  reasonably limited in time, form or scope; and disproportional to the needs of the case. (Dkt. No.
16  35 at 8–9.) Again, the Court disagrees. According to the complaint, Mr. Zoske plied Plaintiff
17  with gifts in expectation of a romantic relationship. (*See generally* Dkt. No. 1.) Mr. Zoske,
18  dissatisfied with Plaintiff's failure to reciprocate, retaliated through various adverse workplace
19  actions. (*Id.*) Given these allegations, Mr. Zoske's gifts to Plaintiff <u>and</u> other Saltworks
20  employees are relevant. His financial records provide insight into this. In addition, the Court
21  finds the sought-after production proportional to the needs of this case. And while it may be
22  burdensome, it is not undue, given the complaint's allegations. *Jackson v. Montgomery Ward &*
23  *Co., Inc.*, 173 F.R.D. 524, 529 (D. Nev. 1997) ("[J]ust because complying with a discovery
24  request will involve expense or may be time consuming, [it] does not make it unduly
25  burdensome.").
26        Finally, the Court finds Plaintiff is entitled to reasonable attorney fees and expenses

incurred in filing the motion to compel. *See* Fed. R. Civ. P. 37(a)(5)(A).[2] To support such an award, she may present the Court with an accounting of her attorney fees and expenses,[3] along with argument not to exceed four pages supporting additional sanctions, within seven days of this order. Defendants' objection to Plaintiff's submission, also not to exceed four pages, is due within seven days of service. The Court will not entertain a reply from Plaintiff.

To summarize, Plaintiff's motion to compel is GRANTED in part. Defendants are ORDERED to provide final supplementation of their responses for all outstanding RFPs and interrogatories within fourteen (14) days of this order, *excluding* those seeking communications between Mr. Zoske and Ms. Novotny.

DATED this 9th day of February 2024.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] "If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

[3] Those fees and expenses should not include the cost of the meet and confers and other informal follow-ups described in Plaintiff's motion.

ORDER
C23-0443-JCC
PAGE - 4