THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAURA DERMER, <br><br> Plaintiff, <br><br> v. <br><br> SALTWORKS, INC., *et al.*, <br><br> Defendants. | CASE NO. C23-0443-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiff's motion for attorney fees (Dkt. No. 40). In an order granting Plaintiff's motion to compel (Dkt. No. 30), the Court concluded that "Plaintiff [was] entitled to reasonable attorney fees and expenses incurred in filing the motion to compel." (Dkt. No. 39 at 3–4.) It then directed Plaintiff to present the Court with an accounting of those fees and expenses. (*Id.* at 4.) Presently before the Court is that accounting. (*See* Dkt. No. 40.) Having reviewed the accounting, the Court GRANTS in part and DENIES in part Plaintiff's motion (Dkt. No. 40) for the reasons described below.

If the Court grants a motion to compel, the Court ordinarily "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A); *see, e.g.*, *S/Y Paliador, LLC v. Platypus Marine, Inc.*, 344 F.R.D. 110, 120 (W.D. Wash. 2023). The Court

employs a two-step process to calculate a reasonable fee award. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, it calculates the lodestar figure, which represents the number of hours reasonably expended on the litigation, multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, it determines whether to increase or reduce that figure based on several factors which are not subsumed in the lodestar calculation. *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016); *see Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).[1]

A reasonable hourly rate is the prevailing market rate in the community for similar services by a lawyer of reasonably comparable skill, experience, and reputation. *Roberts v. City of Honolulu*, 938 F.3d 1020, 1024 (9th Cir. 2019). And "[t]he number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). The Court must exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. There is a "strong presumption" that the lodestar figure is a reasonable fee award. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

Plaintiff's counsel submitted a declaration detailing time spent on the following tasks relating to their successful motion to compel: composing the motion, meeting and conferring with defense counsel regarding the same, reviewing exhibits, and finalizing a reply brief. (*See*

---

[1] The *Kerr* factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

526 F.2d at 70.

ORDER
C23-0443-JCC
PAGE - 2

Dkt. No. 41-2 at 2.) They also included time spent by a paralegal who assisted in preparing supporting declarations and exhibits. (*Id.*) Defendants, through counsel, bring two challenges to this accounting: First, they argue the associate attorney's hourly fee is unreasonable; and second, they contend the total time spent drafting the motion is unreasonable. (*See* Dkt. No. 43 at 4.) The Court agrees with both contentions, at least in part.

First, the associate attorney's hourly rate of $350[2] is not reflective of his experience, nor the market rate for attorneys with comparable experience. Indeed, the associate's own declaration makes no mention of any prior experience with employment law. (*See* Dkt. No. 42 at 1–2.) A $350 hourly rate would be more appropriate for someone with significantly more experience in this legal area. *See, e.g., Cockrum v. C.H. Murphy/Clark-Ullman LLC, Inc.*, 2023 WL 2401927, slip op. at 2 (W.D. Wash. 2023) ($350 hourly rate reasonable for an attorney with at least six years of experience in the same area of law); *Saunders v. Schweinhaus, Inc.*, 2022 WL 17820566, slip op. at 2 (W.D. Wash. 2022) ($350 hourly rate reasonable for an associate with five years of experience); *see also Thacker v. Bank of New York Mellon*, 2019 WL 1765217, slip op. at 5 (W.D. Wash. 2019) ($250 hourly rate for junior associate is reasonable). Thus, it is more fitting for Mr. Toren's rate to be $300 per hour.[3]

Second, the total time spent on the motion was unreasonable. Plaintiff's counsel contends that, inclusive of paralegal time, they spent 45.3 hours on the motion to compel. (*See* Dkt. Nos. 40-1 at 2, 41-2 at 2.) They then reduced the hours charged by 4.5 hours for the partner, 2 hours for the associate, and .5 hours for the paralegal, resulting in a total of 38.3 hours for all three. (*Id.*) Granted, the time required to craft such a motion can vary, depending on the motion's complexity. In *Al-Bustani v. Alger*, 2023 WL 7017076, slip op. at 3 (W.D. Wash. 2023), for

---

[2] The Court understands Plaintiff's counsel, Mr. Toren, reduced his rate by 50% for some of the work performed. (*See* Dkt. No. 41-2 at 2.) Nevertheless, it finds that the starting point/rate of $350 is excessive, as described below.

[3] The half-rate reductions described in counsel's accounting, (Dkt. No. 41-2 at 2), would reduce that rate in some instances to $150 per hour.

ORDER
C23-0443-JCC
PAGE - 3

example, "4.8 hours reflect[ed] a reasonable time expended by an experienced attorney in drafting a simple motion to compel." The same was true in *Head v. Home Depot, U.S.A., Inc*. 2019 WL 1572369, slip op. at 4 (W.D. Wash. 2019) (reducing the reported time of 9.6 hours to 4.8 hours). And although 56.3 hours has been deemed appropriate in at least one instance, the extent of discovery abuses there was much larger than here. *See Top Notch Sols., Inc. v. Crouse & Associates Ins. Brokers, Inc.*, 2019 WL 3413201, slip op. at 5 (W.D. Wash. 2019).

Based on this Court's review of defense counsel's declaration, and its understanding of the issues at play in the instant motion to compel, it finds 38.3 hours to be "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. It therefore reduces that number by the following: 1.8 hours spent by the partner and 11.8 hours spent by the associate (9.6 of which is charged at a half rate), resulting in 24.7 hours in total. Based on these revised hours and rates, the Court determines that $7,395 is the total appropriate lodestar figure for the work performed. The *Kerr* factors do not warrant an increase or a further reduction in that figure. *See Kelly*, 822 F.3d at 1099; *Kerr*, 526 F.2d at 70. This is a reasonable award of fees under Federal Rule of Civil Procedure 37(a)(5)(A), at least in this instance.

For the foregoing reasons, Plaintiff's motion for attorney fees (Dkt. No. 40) is GRANTED in part and DENIED in part. Defendant is ORDERED to pay fees in the amount of $7,395.00 pursuant to Rule 37(a)(5)(A). This amount must be remitted within 15 days of this order.

DATED this 1st day of March 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE